48 F.3d 562
 310 U.S.App.D.C. 386
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Frederick P. BIRKS, Appellant,
v.
NOFZIGER COMMUNICATIONS, INC., Appellee.
 No. 93-7192.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 5, 1995.
Rehearing Denied Feb. 28, 1995.
 
 Before: WILLIAMS, HENDERSON, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal from the judgment of the United States District Court for the District of Columbia, and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the district court's judgment for plaintiff and order denying defendant's Motion to Alter or Vacate Judgment be affirmed.
 
 
 3
 The Clerk is directed to withhold the issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant, Frederick P. Birks, disputes two of the district court's factual findings, namely the findings that (1) Mark G. Griffin had authority to exercise the options on behalf of the Wynmark Trust; and (2) the Trust received all of Nofziger Communication Inc.'s limited partnership interests in 514 Tenth Street Associates and 1640 Wisconsin Avenue Associates. As these findings were made pursuant to a Joint Stipulation in Lieu of Trial that permitted the court to resolve any genuine issues of material fact, they are reviewed only for clear error. See Cuddy v. Carmen, 762 F.2d 119, 123 (D.C.Cir.1985), ("factual findings are reviewed according to the clearly erroneous standard"); Fed.R.Civ.P. 52(a); see also Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985) (noting that clearly erroneous standard applies "even when the district court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts.").
 
 
 5
 The first challenged factual finding--the court's conclusion that Griffin not only intended to act but did act as Trustee when he exercised the options--was not clearly erroneous. Birks rests his challenge on the theory that Griffin could not have acted as Trustee at the relevant time because he resigned on August 26, 1988, several days before he exercised the options. Griffin himself claims to have resigned in late September or early October. Griffin's letter of resignation dated August 26, 1988 is not conclusive, as it was undated when he signed it and it is unclear when the August 26 date was added. On this record, the district court's conclusion is at least plausible. See Anderson, 470 U.S. at 574 (appellate court may not reverse factual findings if "the district court's account of the evidence is plausible in light of the record viewed in its entirety").
 
 
 6
 The second challenged factual finding--the conclusion that the Trust received all of NCI's interest in 1640 and 514--was clearly erroneous, but the error has no effect on the validity of the judgment. The Trust's liability under the agreement rests on the district court's factual finding that Griffin "intended to and did" exercise the options on behalf of "himself, Naing, and the Wynmark Trust" combined with the undisputed fact that, in response to Griffin's letter purporting to exercise the options for the Wynmark Development Corporation, NCI "relinquished its interests in the partnerships" to the Wynmark Development Corporation. See Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, Joint Appendix 666, 669.
 
 
 7
 Birks makes the following legal arguments: (1) NCI had no remedy against Birks as successor trustee or against the trust estate; (2) Griffin's exercise of the option was void because the transaction involved self-dealing; (3) assuming arguendo that the Trust did in fact exercise its option and is properly held to have assumed a liability under the option agreement, the Trust is not liable for the full amount of the recapture tax because the contract did not provide for joint and several liability; (4) Griffin's exercise of the option was void because the transaction was "for less than adequate consideration" and thus ultra vires; (5) D.C.Code Sec. 41-433(a) precludes a finding that the Trust is liable for the recapture tax; (6) the assignment agreement did not transfer the liability for the recapture tax along with the right to purchase the properties.
 
 
 8
 The first, second, and third of these arguments were not specifically raised before judgment, and thus we do not address them on appeal from the judgment. See National Rifle Ass'n v. FEC, 854 F.2d 1330, 1337 (D.C.Cir.1988) ("Having failed to raise the ... argument ... in the District Court, the NRA is not at liberty to raise it for the first time on appeal."). We review the other legal arguments de novo.
 
 
 9
 Birks's claim that Griffin's exercise of the option was ultra vires because it was "for less than adequate consideration" fails. If it is an argument that the deal, although reasonable on its terms, turned out badly for the Trust, as a matter of law it is no basis for setting the transaction aside. See George T. Bogert, Trusts (6th ed. 1987) ("If the trustee makes an investment which under then current economic conditions was reasonably prudent, there is no basis for liability in the fact that the investment has failed...."). If it is an argument that, at the time of exercise, it was clear that the expected value of the recapture liability (based in part on an estimation of the probability of joint and several liability being imposed and the probability of Griffin and Naing becoming judgment-proof) exceeded the value of a 10% interest in the properties, it fails for lack of proof. Both here and below, Birks failed to identify record evidence supporting that conclusion.
 
 
 10
 Birks also claims that D.C.Code Sec. 41-433(a), which provides (with exceptions) that "a limited partner shall not be liable for the obligations of a limited partnership unless he or she is also a general partner", works to limit the Trust's liability to at most $110, its capital contributions to the two limited partnerships. This argument has no validity whatsoever. It is true that, upon exercising the option, the Trust became a limited partner in the real estate partnerships. The Trust's liability, however, turns on the terms of the option agreement and the assignment and escrow agreement, not on the terms of the interests that were eventually transferred by those agreements.
 
 
 11
 Birks's claim that the assignment and escrow agreement assigned only rights without liability is equally unavailing. Under the agreement, Wynmark Development assigned "to Griffin, Naing, and the Wynmark Trust all of its right, title, and interest" in the option agreement. See Assignment and Escrow Agreement, J.A. 28-34. Under the option agreement, Wynmark Development had a right to exercise the option, but that right was contingent on paying the exercise price and accepting the obligation to pay any recapture tax liability. The assignment of this agreement did not itself impose a liability on the Trust; rather, Wynmark Trust accepted the liability by paying the exercise price and thus exercising the option. See Option to Purchase Limited Partnership Interests in 514 Tenth Street Associates, J.A. 22 ("Grantee shall exercise the option by paying the option price hereinafter provided for."); id. at 23 (Grantee agrees to pay recapture tax liability "caused by Grantee's exercise of this option and purchase of the Limited Partnership Interest"); Option to Purchase Limited Partnership Interests in 1640 Wisconsin Avenue Associates, J.A. 25-26 (same).
 
 
 12
 Finally, the district court did not err in refusing to grant Birks's motion for reconsideration under Rule 59(e). The district court correctly concluded that Birks's motion pointed to evidence and arguments previously available.